J-S29039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL CLIFFORD YOUNKIN | : | |
| | : | |
| Appellant | : | No. 1526 WDA 2021 |

Appeal from the PCRA Order Entered December 13, 2021
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0001715-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL CLIFFORD YOUNKIN, III | : | |
| | : | |
| Appellant | : | No. 1527 WDA 2021 |

Appeal from the PCRA Order Entered December 13, 2021
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000625-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL CLIFFORD YOUNKIN | : | |
| | : | |
| Appellant | : | No. 1528 WDA 2021 |

Appeal from the PCRA Order Entered December 13, 2021
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0002169-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

|  | : |  |
|---|---|---|
| v. | : |  |
|  | : |  |
|  | : |  |
| PAUL CLIFFORD YOUNKIN, III | : |  |
|  | : |  |
| Appellant | : | No. 1535 WDA 2021 |

Appeal from the PCRA Order Entered December 13, 2021
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000624-2013

BEFORE: PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: December 8, 2022**

Appellant, Paul Clifford Younkin, III, appeals *pro se* from order of the Court of Common Pleas of Cambria County (trial court) that dismissed his second petition for relief pursuant to the Post Conviction Relief Act (PCRA)[1] as untimely. After careful review, we affirm.

On November 27, 2013, Appellant entered pleas of guilty in four different criminal dockets to possession of a controlled substance, criminal trespass, and two counts of receiving stolen property. N.T. Guilty Plea at 2. On January 14, 2014, the trial court sentenced him to an aggregate term of imprisonment of 3 to 24 years' incarceration. N.T. Sentencing at 5-8; Sentencing Orders. Appellant filed a timely motion to modify sentence, which the trial court denied on February 3, 2014. Trial Court Order, 2/3/14.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

- 2 -

Appellant filed no direct appeal and filed a timely first PCRA petition in which he sought relief on the ground that his guilty pleas were not knowing and voluntary. Trial Court Opinion and Order, 6/24/14, at 2-3. The trial court appointed counsel to represent Appellant and held an evidentiary hearing on that first PCRA petition on May 20, 2014. Following that evidentiary hearing, on June 24, 2014, the trial court denied the PCRA petition. *Id.* at 6. Appellant timely appealed the denial of the PCRA petition, but discontinued the appeal on November 14, 2014. 1126 WDA 2014 Docket Entries.

On October 28, 2021, Appellant filed the instant, second PCRA petition. In this PCRA petition, Appellant asserted that his sentence was excessive and was the result of bias because the victim of one of the thefts allegedly had a working relationship with the trial judge. 10/28/21 PCRA Petition at 3-4. On November 9, 2021, the trial court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the instant second PCRA petition without a hearing as untimely. Appellant filed no response to the Rule 907 notice. On December 13, 2021, the trial court dismissed this PCRA petition on the grounds that it was untimely. Trial Court Opinion and Order, 12/13/21. This timely appeal followed.

In this appeal, Appellant raises various arguments concerning an alleged working relationship between one of the victims and the trial judge, his sentence, his sentencing, and his PCRA counsel's failure to raise those issues. Before we can consider the merits of any of these arguments, we must address

whether the PCRA petition at issue in this appeal was timely filed. We conclude that it was not.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year time period only if the convicted defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* The PCRA's time bar is jurisdictional, and a court may not ignore it and reach the merits of an untimely PCRA petition on the ground that the defendant's sentence is inequitable or even illegal. *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999); *Commonwealth v. Jackson,* 30 A.3d 516, 519-23 (Pa. Super. 2011).

Appellant was sentenced on January 14, 2014 and Appellant did not file any direct appeal. Appellant's judgment of sentence therefore became final

on February 13, 2014, upon the expiration of the 30-day period to file an appeal. 42 Pa.C.S. § 9545(b)(3); ***Commonwealth v. Whiteman,*** 204 A.3d 448, 450 (Pa. Super. 2019). The instant PCRA petition was filed October 28, 2021, more than seven years after the judgment became final, and was therefore untimely unless Appellant alleged and proved one of the three limited exceptions set forth in Sections 9545(b)(1)(i)-(iii). These exceptions, moreover, can apply only if Appellant filed the PCRA petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

The only timeliness exception that Appellant asserted in the trial court was the claim that the alleged working relationship between the trial judge and the victim is a newly discovered fact. 10/28/21 PCRA Petition at 3. That claim cannot make the PCRA petition timely for two reasons.

First, Appellant has not shown that he could not have obtained the material from which he allegedly learned this fact in 2014 if he had acted diligently. Appellant claims that he first learned of the alleged working relationship when he received court transcripts in 2021. Appellant's Brief at 4, 7, 9; Statement of Matters Complained of on Appeal. These transcripts, however, were all prepared and filed in May and June 2014. CP-11-CR-0000624-2013 Docket Entries at 8; N.T. Sentencing at 1; N.T. Guilty Pleas at 1; N.T. 2014 PCRA at 1. Appellant does not allege when he first sought the transcripts, what efforts he made to obtain them, or why he could not have obtained them or had access to them in 2014. Claims that a PCRA petitioner

- 5 -

did not learn of facts until shortly before the PCRA petition was filed, without any allegations showing timely efforts or inability to discover that information earlier, are insufficient to bring a petition within the PCRA's timeliness exceptions. *Commonwealth v. Sanchez*, 204 A.3d 524, 526-27 (Pa. Super. 2019); *Commonwealth v. Pew*, 189 A.3d 486, 489-90 (Pa. Super. 2018); *Commonwealth v. Taylor*, 933 A.2d 1035, 1040-42 (Pa. Super. 2007).

Second, even if Appellant had shown diligence in obtaining the transcripts, the PCRA petition would be time-barred because the record establishes that Appellant actually knew of the alleged working relationship between the trial judge and the victim more than seven years before he filed the PCRA petition. The information on which Appellant bases this claim is a statement made by the victim in Appellant's presence at Appellant's sentencing on January 14, 2014. Appellant's Brief at 4, 8; N.T. Sentencing at 2-3. Because this information was stated in Appellant's presence on January 14, 2014, it was known to him at that time and cannot satisfy the PCRA's exception to the one-year time bar for claims based on facts that "were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii).

Although this alleged connection between the trial judge and the victim was the only fact that Appellant asserted as an exception to the PCRA's time bar in the trial court, Appellant appears to argue in his brief that his other contentions concerning whether his attorney was present at his sentencing,

the excessiveness of his sentence, statements by the trial court concerning his sentence, and PCRA counsel's failure to raise these issues are also newly discovered facts. Even if we considered these new timeliness claims, they would fail for the same reasons as Appellant's claim concerning the alleged working relationship. Like his working relationship claim, Appellant asserts that he discovered these facts from his transcripts, Appellant's Brief at 4, 7, 9, but has not shown that he could not have obtained those 2014 transcripts in 2014. Moreover, Appellant knew on January 14, 2014 from being present at his sentencing what his sentence was, what the trial court said at sentencing, and whether he had counsel present[2] and knew on May 20, 2014 from his PCRA hearing what claims his PCRA counsel did and did not pursue on his behalf. N.T. Sentencing at 1-3, 5-11, 15; N.T. 2014 PCRA at 13-16.

Because Appellant did not satisfy an exception to the PCRA's one-year time limit, the trial court properly held that Appellant's 2021 PCRA petition was barred as untimely. Accordingly, we affirm the trial court's order dismissing the PCRA petition.

Order affirmed.

---

[2] Contrary to Appellant's contentions, the record is in fact clear that Appellant was represented by counsel at his sentencing. N.T. Sentencing at 1-3, 5-8, 15.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2022